A12A0619. REESE et al. v. PROVIDENT FUNDING
ASSOCIATES, LLP.
(730 SE2d 551)

MILLER, Judge.

Izell and Raven Reese filed the underlying lawsuit against Provident Funding Associates, LLP ("Provident"), seeking damages for wrongful foreclosure.[1] Both parties sought summary judgment, which the trial court granted in favor of Provident and denied in favor of the Reeses. On appeal, the Reeses contend that the trial court erred in granting Provident's motion for summary judgment on the wrongful foreclosure claim, and in denying the Reeses' cross-motion for summary judgment on that issue, because (1) Provident's June 2009 foreclosure notice did not comply with the requirements of OCGA § 44-14-162.2; and (2) Provident's notice of default did not comply with the terms of the security deed. For the reasons set forth below, we reverse the judgment of the trial court and remand this case with direction to the trial court to enter summary judgment in favor of the Reeses.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, this Court must conduct a de novo review of the evidence and view the undisputed facts in the light most favorable to the nonmoving party.

(Footnotes omitted.) *ChoicePoint Svcs. v. Graham*, 305 Ga. App. 254, 255 (699 SE2d 452) (2010).

So viewed, the evidence shows that on July 23, 2004, the Reeses executed a promissory note (the "Note") in exchange for a $650,000 loan from Provident in order to purchase real property in Roswell, Georgia. The loan was secured by a deed conveying Provident and its

---

[1] The Reeses also alleged a cause of action for wrongful eviction. The trial court granted summary judgment to Provident on that claim. Because the Reeses failed to provide argument or citation of authority as to this claim, they have abandoned any argument that summary judgment on that claim was improper. See *Roylston v. Bank of America, N.A.*, 290 Ga. App. 556, 556, n. 1 (660 SE2d 412) (2008).

nominee an interest in the property and a power of sale in the event of a default (the "Security Deed"). Pursuant to the Security Deed, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as the nominee for Provident and its successors and assigns, was designated as the grantee of the Security Deed.[2] After Provident funded the loan, Provident sold and delivered the Note to Residential Funding Company, LLC ("RFC"). Although RFC succeeded Provident as the holder of the Note, Provident nevertheless remained as the loan servicer, retaining the right to collect payments and perform all other mortgage loan servicing functions authorized by the Security Deed.

In January 2009, the Reeses defaulted on their loan, and on February 13, 2009, Provident sent the Reeses a notice of default as required by the terms of the Security Deed. The Reeses failed to cure their default within 30 days, and on June 3, 2009, Provident, through its attorneys, sent a letter notifying the Reeses that Provident was commencing foreclosure proceedings. On July 7, 2009, Provident held a non-judicial sale of the property. Provident purchased the property and subsequently filed a dispossessory action against the Reeses to evict them from the property.[3]

On July 30, 2009, the Reeses filed a complaint against Provident, alleging wrongful foreclosure. Provident filed a motion for summary judgment on the grounds that it had full authority to foreclose on the property and that it had done so properly. The Reeses filed a cross-motion for summary judgment, contending that (i) Provident failed to comply with the Security Deed terms requiring that the Reeses be given notice that they had a right to bring a court action to assert the non-existence of default or any other defense to acceleration and sale; and (ii) the notice of foreclosure provided by Provident did not include information on the "secured creditor," which violated OCGA § 44-14-162.2. Following a hearing on the parties' motions, the trial court denied the Reeses' cross-motion for summary judgment on the wrongful foreclosure claim and granted Provident's motion for summary judgment on that issue. The trial court's order specifically found in pertinent part that Provident's notice of foreclosure "was in keeping with . . . OCGA § 44-14-162.2," and that the Reeses could not sustain a claim for wrongful foreclosure. We disagree.

1. The Reeses contend that the trial court's decision was erroneous because Provident's June 2009 foreclosure notice did not comply

---

[2] On June 24, 2009, Provident obtained from MERS an assignment of all MERS's rights, title, and interest in the Security Deed.

[3] Provident later dismissed the dispossessory action.

with the requirements of OCGA § 44-14-162.2. Specifically, the Reeses argue that Provident was not the "secured creditor" for purposes of sending the notice, and that the identity of the secured creditor was never revealed. This case is one of first impression in a Georgia appellate court. The inquiry is whether the provisions of OCGA § 44-14-162.2 (a) require that a notice of foreclosure disclose the identity of the secured creditor. Upon considering the statute in its entirety, as well as the legislative intent, we conclude that the statute does require that the notice properly identify the secured creditor and reflect that the notice is being sent by the secured creditor or by an entity with authority on behalf of the secured creditor.

OCGA § 44-14-162.2 (a) mandates that

> *[n]otice of the initiation of proceedings to exercise a power of sale* in a mortgage, security deed, or other lien contract *shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure.* Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor[.]

(Punctuation omitted; emphasis supplied.) "Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 et seq., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." (Citation omitted.) *Roylston*, supra, 290 Ga. App. at 559 (1) (b).

Here, it is undisputed that at the time Provident sent the June 3, 2009, notice of the foreclosure sale, it was not the secured creditor. Provident admitted that it was not the holder of the Note, and the record reflects that MERS, and not Provident, was the grantee of the Security Deed until June 24, 2009. Rather, RFC was the secured creditor, i.e., owner of the loan, and Provident was merely the loan servicer. It is also undisputed that Provident made misrepresentations in the contents of the notice of foreclosure sale. First, the notice misidentified Provident as the holder of the Note and the Security Deed. Second, the notice misidentified Provident as the "Lender," rather than as the loan servicer. Indeed, the notice made no mention whatsoever of RFC, the secured creditor, resulting in a complete failure to properly reflect that the notice was sent by, or on behalf of, the proper secured creditor.

At first glance, if you read the first or second sentence of OCGA § 44-14-162.2 (a) in isolation, it may seem unambiguous. However, a statute must be viewed "as a whole to construe all parts of a statute together to make all its parts harmonize[.]" (Citation and punctuation omitted.) *ALLTEL Ga. Communications Corp. v. Ga. Public Svc. Comm.*, 270 Ga. 105, 107 (1) (505 SE2d 218) (1998).[4] Following the general legal principles of statutory construction, the ambiguity of the statute is highlighted when it is applied in the context of the facts of this case, where a notice is sent by a third party other than the secured creditor and that third party misrepresents the identity of the true secured creditor. In that situation, it becomes unclear whether the plain language of OCGA § 44-14-162.2 (a) requires the notice to reflect both the identity of the secured creditor giving the notice, as well as the person or entity with the full authority to negotiate, amend, and modify the mortgage.

> In resolving this issue, we look to the literal language of the statute, the rules of statutory construction and rules of reason and logic, the most important of which is to construe the statute so as to give effect to the legislature's intent. In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy.

(Citations and punctuation omitted.) *Moore v. Moore-McKinney*, 297 Ga. App. 703, 706 (1) (678 SE2d 152) (2009); see also *Mason v. Home Depot U.S.A.*, 283 Ga. 271, 277-278 (3) (658 SE2d 603) (2008) ("It is always the duty of a court, in construing a statute, to ascertain and give full effect to the legislative intent.") (citation and punctuation omitted).

A persuasive discussion of the legislature's intent is set out by the Northern District of Georgia in *Stubbs v. Bank of America*, 844 FSupp.2d 1267, 1271 (N.D. Ga. 2012) (originally filed in state court and removed to the Northern District of Georgia based on diversity jurisdiction), which held as follows:

> While it may be of no consequence who actually sends the notice, and that task may properly be delegated to a servicing agent (or, as is often the case, an attorney), the amendments of sections [OCGA § 44-14-]162 and [OCGA § 44-14-]162.2

---

[4] The dissent, however, appears to improperly cherry-pick only the second sentence from OCGA § 44-14-162.2 (a) in order to reach its conclusion that the language of the statute is clear and unambiguous.

in 2008 make clear that the identity of the secured creditor conducting the sale is a material element of that notice.

These 2008 amendments included the following clause added to OCGA § 44-14-162: "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." OCGA § 44-14-162 (b); see Ga. L. 2008, p. 624, § 1. OCGA § 44-14-162.2 (a) was also amended to require the secured creditor to send the pre-foreclosure notice 30 days prior to sale (rather than 15) and to require that this notice "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." See Ga. L. 2008, p. 624, § 2. As stated in *Stubbs*,

> [t]he legislature enacted the 2008 amendments of the foreclosure statute with the goal of making transparent both the identity of the secured creditor with authority to foreclose and the identity (and contact information) of the party with authority to agree to a loan modification. Often, the secured creditor and the entity with full authority to modify the loan will be one and the same. At times a servicing agent may have full authority to modify the loan, but the fact that it is merely a servicer acting on behalf of a loan holder, and the identity of that holder, is relevant to that factual question. In any event, these two sections were amended simultaneously with a clear purpose — to increase transparency and clarity in what can otherwise be a quite bewildering process, both in order to avert any avoidable foreclosures through loan modifications and to protect the integrity of Georgia's real property records. This is evidenced by the title of the 2008 bill amending the statute, which describes its purpose as follows:
>
> AN ACT to amend Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated, relating to foreclosure on mortgages, conveyances to secure debt, and liens, so as to require a foreclosure to be conducted by the current owner or holder of the mortgage, as reflected by public records; to provide for the identity of the secured creditor to be included in the advertisement and in court records; to change the requirement for mailing or delivery of notice to

> debtor for sales made under the power of sale in a mortgage, security deed, or other lien contract; to provide for the content of such notice; to provide for related matters; to provide an effective date; to repeal conflicting laws; and for other purposes.[5]

*Stubbs*, supra, 844 FSupp.2d at 1270-1271 (citing Ga. L. 2008, p. 624). We agree with the federal court that the intent of the 2008 amendments was transparency in the foreclosure process. As such, this Court concludes that the true identity of the secured creditor must be included in the notice of foreclosure sale. Nothing in OCGA § 44-14-162.2 (a) would preclude the identification of both the secured creditor and the entity with the authority to negotiate, amend, and modify the mortgage.

The Northern District's analysis in *Stubbs* is compelling, and although not controlling, is persuasive authority in analyzing the very same Georgia statute that we interpret in this case. Notably, the circumstances in this case are nearly identical to those presented in *Stubbs*, where

> the actual "secured creditor" did not provide notice of the foreclosure sale as required by OCGA § 44-14-162.2. Nor did the servicer, acting as agent for the secured creditor, send a foreclosure notice that properly identified the secured creditor. Rather, the loan servicer sent a notice of foreclosure identifying itself as the secured creditor when it was not.

(Punctuation omitted.) Id. at 1271. Like the notice in *Stubbs*, the notice in this case was sent by the loan servicer, rather than the secured creditor. While a loan servicer may be permitted to send the notice on behalf of the secured creditor,[6] Provident's fatal mistake was in sending a notice that failed to properly identify the secured creditor. Although the notice disclosed that Provident had the "authority to negotiate, amend and modify all terms of the Note and

---

[5] Unlike the dissent, we cannot assume that the legislature rejected the requirement to identify the secured creditor in the enacted statute. The preamble clearly contemplates that the identity of the secured creditor be given in the foreclosure proceedings, which is initiated by the notice. We must rely on the actual statute that was enacted, rather than any proposed bills.

[6] Relying upon *LaCosta v. McCalla Raymer*, No. 1:10-CV-1171-RWS, 2011 U. S. Dist. LEXIS 5168 (N.D. Ga. Jan. 18, 2011), Provident argues that OCGA § 44-14-162.2 allows a secured creditor to direct the loan servicer, as its agent, to send the notice of foreclosure. Indeed, in *LaCosta*, supra, 2011 U. S. Dist. LEXIS 5168, at *11, the Northern District of Georgia held that the goal of OCGA § 44-14-162.2 "is to give the debtor notice of the foreclosure sale. Whether that notice is provided by the secured creditor directly, or by its agent, is of no consequence."

Security Deed[,]" such "is materially different from disclosing that [the loan servicer] has full authority to modify on behalf of a creditor, . . . within whatever guidelines that *creditor may have imposed.*" (Citations and punctuation omitted.) Id. at 1272. This is especially so when the notice fails to *ever* identify the true secured creditor. The notice in this case contained material misrepresentations, and we agree with the federal court's sentiment that "[s]ending a foreclosure notice that misidentifies the secured creditor violates the spirit and intent of OCGA § 44-14-162.2." (Punctuation and emphasis omitted.) Id.[7]

Indeed, a debtor has a right to know which entity has the authority to foreclose, and there should be no confusion about the identity of that entity. The practical ramifications are troubling if it were otherwise. For example, in a case such as the instant one, where the debtor knows that the loan servicer is no longer the holder of the note or the security deed, it is certainly conceivable that the debtor could be misled or confused by, or simply disregard, a notice of foreclosure which is sent by an entity different from the secured creditor, and which fails to properly identify the secured creditor. The misrepresentation in this case illustrates how transparency can be obfuscated in the Georgia foreclosure process. Finally, a notice that discloses the true identity of the secured creditor is a simple requirement, and one that does not impose an undue burden upon the banks or other entities authorized to send the notice of foreclosure sale.

Foreclosure is typically a very important event for all parties involved. No one disputes that a bank must be able to foreclose on its properties for non-payment of the mortgage per the contract, and our conclusion today does not impede this process. As Provident's notice of foreclosure failed to comply with the requirements of OCGA § 44-14-162.2, insofar as it failed to properly identify the secured creditor, and in fact *misidentified* the secured creditor, the foreclosure was invalid, see OCGA § 44-14-162 (a), and the Reeses are entitled to summary judgment on this ground. We therefore reverse the decision

---

[7] The dissent concludes that this Court, as well as the Northern District in *Stubbs*, is attempting to rewrite the statute. Nothing could be further from reality, as the dissent misrepresents the majority opinion. This Court is merely attempting to effectuate not only the legislature's intent of transparency in the foreclosure process, but also the language of the statute clearly mandating that the foreclosure notice be given to the debtor by the secured creditor. In suggesting that the notice need not disclose the identity of the secured creditor, and can in fact *misrepresent* the identity of the secured creditor, it would appear that the dissent would permit and excuse material misidentifications and the relay of misinformation in the notice, which is contrary to legislative intent. The policy advocated by the dissent essentially undermines the provision of affording effective and proper notice as required by the statute.

below and remand this case with direction to enter summary judgment in favor of the Reeses.

2. In light of our holding in Division 1, we need not consider the Reeses' remaining enumeration of error.

*Judgment reversed and case remanded with direction. Phipps, P. J., Mikell, P. J., and Doyle, P. J., concur. Andrews, Blackwell and Boggs, JJ., dissent.*

BLACKWELL, Judge, dissenting.

I respectfully dissent. In clear and certain terms, the General Assembly has identified the necessary contents of a statutory notice of foreclosure, including the person whose identity must be disclosed therein. According to OCGA § 44-14-162.2 (a), the statutory notice must disclose the identity of the "individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." The statute says nothing at all about any requirement that the notice identify any other person. To the extent that Provident had "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," something that the Reeses do not really dispute in this case, the content of the notice complied with the statutory requirements.[8]

The majority concludes, however, that OCGA § 44-14-162.2 requires not only the identification of the person having "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," but also the identification of the "secured creditor" itself, at least in a case in which these persons are not one and the same. As I understand its opinion, the majority relies not so much on the words of the statute to reach this conclusion, but instead upon *Stubbs v. Bank of America*, 844 FSupp.2d 1267 (N.D. Ga. 2012). That reliance is misplaced. In *Stubbs*, the court looked to the caption of Ga. L. 2008, p. 624, which amended OCGA § 44-14-162.2.[9] From the caption of this legislation, the court found that its "clear purpose" was "to

---

[8] Apart from the content of the notice, OCGA § 44-14-162.2 (a) also requires that the notice be "given to the debtor by the secured creditor." But it appears undisputed in this case that Provident sent the notice on behalf of the secured creditor, and it also appears that Provident was authorized to do so as its servicing agent. Georgia law permits, I think, the giving of the notice to be accomplished by an agent of the secured creditor, see *LaCosta v. McCalla Raymer*, No. 1:10-CV-1171-RWS, 2011 U. S. Dist. LEXIS 5168, *10-11 (II) (B) (i) (N.D. Ga. Jan. 18, 2011), even when the principal remains undisclosed. See generally *McDaniel v. Hensons', Inc.*, 229 Ga. App. 213, 215 (1) (493 SE2d 529) (1997) ("[A] principal . . . can be bound by his agent's acts, even when the principal remains undisclosed.").

[9] When judicial construction of a statute is required, it is permissible to look to the caption of the statute to discern the intent of the legislature. See *Sovereign Camp Woodmen of the World v. Beard*, 26 Ga. App. 130, 131 (105 SE 629) (1921). But when the text of the statute is clear and unambiguous, judicial construction of the statute is not permitted, and no inquiry into

increase transparency and clarity in what can otherwise be a quite bewildering process," and it concluded that this legislative purpose would best be served by construing OCGA § 44-14-162.2 (a) to mean that the notice must disclose not only the identity of the person identified in the text of the statute, but the identity of the secured creditor as well.[10] See id. at 1269-1273 (IV) (A). The decision in *Stubbs*, and our decision today, amount to a judicial rewriting of OCGA § 44-14-162.2. Because the courts are without authority to rewrite a statute, I respectfully dissent. See *Frazier v. Southern R. Co.*, 200 Ga. 590, 593 (2) (37 SE2d 774) (1946) ("[Appellate courts] must frequently construe the language of a statute, but such courts may not substitute by judicial interpretation language of their own for the clear, unambiguous language of the statute, so as to change the meaning.").

I am authorized to state that Judge Andrews and Judge Boggs join in this dissent.

DECIDED JULY 12, 2012 —
RECONSIDERATION DENIED JULY 31, 2012 — 

*David C. Ates*, for appellants.
*Ellis, Painter, Ratterree & Adams, Sarah B. Akins*, for appellee.

---

legislative intent beyond the plain terms of the statute itself is necessary or warranted. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

[10] In particular, *Stubbs* noted that, according to the title of the 2008 legislation, it was intended "to provide for the identity of the secured creditor to be included in the advertisement [of foreclosure] and in court records." *Stubbs*, 844 FSupp.2d 1267, 1271 (IV) (A). To the extent that the statutes governing the advertisement of foreclosure or the recording of security deeds were ambiguous, perhaps this language might be a helpful interpretative aid. But it is of no help in understanding the meaning of OCGA § 44-14-162.2, which concerns notice of foreclosure, not advertisement or court records.

And in any event, I note that, when the original version of the 2008 legislation first was introduced in the General Assembly, it proposed to amend OCGA § 44-14-162, the statute governing advertisements of foreclosures, and it proposed to require that the required advertisement "include the identity of the secured creditor" *and* "the name, address, and telephone number of the party having authority to service the underlying debt." See SB 531 (LC 33 2521) (2007-2008 Regular Session) (available at http://www.legis.ga.gov/ (visited July 2, 2012)). That proposal, however, was stripped from the legislation by substitution, and the substitute bill was the one ultimately passed by the General Assembly and approved by the Governor. To the extent that a search for legislative intent is appropriate, the legislative history shows not only that the General Assembly knew how to write a statute that requires the identification of the secured creditor, but that it squarely rejected such a requirement when it enacted the 2008 legislation upon which the majority and *Stubbs* rely.